IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVIER ORTIZ, | : | CIVIL ACTION |
| | : | NO. 12-5979 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS FOLINO, et al., | : | |
| | : | |
| Respondents. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                             August 14, 2013

      Javier Ortiz (Petitioner) filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Habeas Petition) challenging his custody. Petitioner is incarcerated in the State Correctional Institution-Greene, where he is serving a life sentence. Consistent with Magistrate Judge Perkin's Report and Recommendation (R&R), the Court will dismiss the Habeas Petition with prejudice.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

      Petitioner brings the instant Habeas Petition based on the second of two related first-degree murder convictions. Habeas Pet. 1, ECF No. 1. The Court previously denied Petitioner's petition based on his first conviction. Ortiz v. Pennsylvania, No. 10-1187, 2011 WL 1399814 (E.D. Pa. Apr. 13,

2011), certificate of appealability denied, No. 11-2091 (3d Cir. June 29, 2011). Accordingly, Petitioner is currently serving a life sentence for the first conviction. Resp. 1-2, ECF No. 15. He is also serving a consecutive, determinate sentence for attempted murder and firearms charges. Id.[1]

Following a jury trial in the Court of Common Pleas of Philadelphia County, Petitioner was convicted of first-degree murder, attempted murder, and carrying a firearm on a public street. Id. at 1, 3. During trial, the Commonwealth presented evidence from two eyewitnesses: one who testified at the trial and one whose earlier sworn testimony was read into the trial record. Id. at 4. Both eyewitnesses identified Petitioner as the shooter. Id. The jury found Petitioner guilty, but it declined to impose the death penalty. Id.

Petitioner appealed his sentence, citing insufficient evidence, the court's wrongful exclusion of a potential witness from the trial, and ineffective assistance of trial counsel. Id. at 5. On July 13, 2005, the Superior Court affirmed Petitioner's conviction and sentence. Commonwealth v. Ortiz, 883 A.2d 692 (Pa. Super. Ct. 2005). On October 6, 2005, the Supreme Court of

---

[1] Because Petitioner fails to challenge through a second or successive habeas petition his other first-degree murder conviction, relief in this proceeding, even if appropriate, would be of little practical significance.

2

Pennsylvania denied review. Commonwealth v. Ortiz, 887 A.2d 1241 (Pa. 2005) (table).

Petitioner then filed a timely petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (2013), which was later amended following appointment of counsel. Resp. Ex. C, Brief for Appellant, at 2. On August 5, 2008, the PCRA Court denied relief. Commonwealth v. Ortiz, No. 2520 EDA 2008, slip op. at 1 (Pa. Super. Ct. June 26, 2012). Petitioner appealed the PCRA Court's decision, raising four ineffective-assistance-of-counsel grounds. Id. at 1-7. On June 26, 2012, the Superior Court affirmed the PCRA Court's decision. Id. Petitioner did not appeal to the Supreme Court of Pennsylvania. On October 19, 2012, Petitioner filed the instant Habeas Petition. Habeas Pet. 1.

## II. LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. Section 2254 R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."); see also 28 U.S.C. § 636(b)(1)(B) (2006 & Supp. V 2011). A prisoner may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C. §

636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Therefore, the Court will conduct a de novo review of those portions of the R&R to which Petitioner objects.

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d) (2006). Absent those findings, the Court will not grant an application for writ of habeas corpus.

**III. DISCUSSION**

In Magistrate Judge Perkin's R&R, he recommends dismissing the Habeas Petition because Petitioner does not

4

assert any meritorious grounds for habeas relief. Petitioner raises three objections to the R&R, all of which deal with the merits of the underlying claims raised in his petition: (1) trial counsel was ineffective for failing to sufficiently challenge the merits of the forensic evidence the Commonwealth presented at trial; (2) trial counsel was ineffective for failing to call character witnesses; and (3) trial counsel was ineffective for failing to request a mistrial after jurors allegedly made inappropriate comments. The Court will consider each of Petitioner's objections in turn.

    A.   <u>Failing to Challenge Merits of Forensic Evidence</u>

Although Petitioner takes issue with Magistrate Judge Perkin's discussion of the merits regarding his first ineffective-assistance-of-counsel claim, the argument is moot because the claim will be dismissed as procedurally defaulted. <u>See</u> R&R 19 n.45. Petitioner also objects to the R&R's procedural findings. Therefore, the Court will also consider those findings here.

A petitioner is required to exhaust his remedies in state court before the Court can grant a federal habeas petition. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the

5

right under the law of the State to raise, by any available procedure, the question presented." Id. In Pennsylvania, petitioners must raise ineffective-assistance-of-counsel claims through PCRA proceedings. 42 Pa. Cons. Stat. Ann. § 9543(a)(2)(ii). All PCRA petitions must be filed within one year of the date on which the petitioner's state-court judgment becomes final. Id. § 9545(b). Pennsylvania state-court judgments become final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. § 9545(b)(3). When a petitioner does not pursue appeals through the United States Supreme Court, his judgment becomes final after the time for pursuing direct review in either the Supreme Court or in state court expires. United States v. Thomas, 713 F.3d 165, 174 (2013) (citing Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012)).

Here, Petitioner's state-court judgment became final ninety days after the Pennsylvania Supreme Court denied review of his appeal. See Sup Ct. R. 13. Therefore, Petitioner's judgment became final on January 4, 2006. Petitioner was required to file any PCRA petitions by January 4, 2007. However, he failed to file a petition alleging ineffective assistance of counsel as to forensic evidence.

Furthermore, Petitioner cannot exhaust this claim at this point in his proceedings. A claim that is exhausted due to a procedural bar in the relevant state law is considered procedurally defaulted. Whitney v. Horn, 280 F.3d 240, 252 (3d Cir. 2002) (citing Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000)) (finding that a claim that would need to be untimely filed to satisfy the exhaustion requirement under the Antiterrorism and Effective Death Penalty Act (AEDPA) was procedurally defaulted). Procedurally defaulted claims should be dismissed without consideration of their merits unless the petitioner can show cause for the procedural default and that he was actually prejudiced by the alleged violation. Locke v. Dillman, Civ. A. No. 11-05833, 2013 WL 141619, at *1 (E.D. Pa. Jan. 9, 2013) (Robreno, J.) (citing 28 U.S.C. § 2254(b)(1)(A)).[2]

As Petitioner notes in his objections, the Supreme Court recently decided in Martinez v. Ryan that a federal court may consider a claim that would otherwise be procedurally defaulted if Petitioner did not exhaust his claim on state collateral review due to ineffective assistance of counsel

---

[2] A petitioner may also survive procedural default by establishing "a 'fundamental miscarriage of justice' to excuse the default." Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (quoting McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)). In other words, a petitioner must present new, reliable evidence of factual innocence. Schlup v. Delo, 513 U.S. 298, 327 (1995). However, the actual-innocence analysis is irrelevant here as Petitioner does not allege that new evidence has come to light to cast doubt on his convictions.

during that collateral review. 132 S. Ct. 1309, 1311 (2012). "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 1319. A claim has merit if "jurists of reason could disagree with the [lower] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2002).

Here, Petitioner may be able to demonstrate that his PCRA counsel was ineffective for failing to raise the underlying ineffective-assistance-of-counsel claim. But he is unable to show that the underlying claim is substantial enough to overcome procedural default. Petitioner argues in his brief that a scientific study published by the National Academy of Sciences indicates that the type of ballistics analysis used in his trial was "junk science." Habeas Pet. 10. Petitioner does not refer to the study's name, date of publication, or specific findings in his petition. He cites to nothing in the trial record to indicate that any forensic expert who testified in his trial ever used the type of analysis called into question by the study. Petitioner's ineffective assistance of counsel claim,

therefore, is not substantial, and the Court will dismiss it as procedurally defaulted.

### B. Failure to Call Character Witnesses

Petitioner next objects that the R&R was incorrect in finding that his ineffective-assistance-of-trial-counsel claim regarding character witnesses lacks merit. The Court must consider the facts Petitioner presents as well as the state court's finding in order to make its determination.

To prove that counsel was constitutionally ineffective, "a prisoner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense." Locke, 2013 WL 141619, at *3 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008)). The Court considers counsel's tactical decisions to be reasonable so long as they are "based on professional judgment." Strickland, 466 U.S. at 681. Pennsylvania's standard for ineffective assistance of counsel is "materially identical to the Strickland standard." Young v. Folino, 2009 WL 5178302, at *13 (E.D. Pa. Dec. 23, 2009) (Robreno, J.) (citing Werts v. Vaughan, 228 F.3d 178, 203 (3d Cir. 2000)). Therefore, to grant habeas relief based on ineffective assistance of counsel, the Court must determine whether the state court's finding "resulted in an outcome that

cannot reasonably be justified under Strickland." Werts, 228 F.3d at 204.

Here, the Pennsylvania Superior Court looked at the trial record and determined that Petitioner's counsel was not ineffective for failing to call character witnesses. Ortiz, No. 2520 EDA 2008, at 4. In its decision, the Superior Court noted that Petitioner did not list the names of any character witnesses who would have testified on his behalf, nor did he specifically discuss what those witnesses would have said. Id. (citing Commonwealth v. Blount, 647 A.2d 199, 206 (Pa. 1994) (holding that a prisoner did not receive ineffective assistance of counsel for failure to call character witnesses where the prisoner does not identify specific character witnesses or assert that such witnesses would be able to testify to his general reputation for good character)). Indeed, in the instant Habeas Petition, Petitioner mentions only relatives and "neighbors and other acquaintances" as potential character witnesses. Additionally, he does not say that any of these witnesses would have been capable of testifying to his reputation for good character in the community. Habeas Pet. 29.

Furthermore, the Superior Court noted that Petitioner's counsel likely had tactical reasons for declining to call character witnesses. The Superior Court cites to the PCRA Court opinion, which discussed the Commonwealth's

willingness and readiness to call rebuttal character witnesses if Petitioner attempted to demonstrate his reputation for good character. Ortiz, No. 2520 EDA 2008, at 5. Based on these circumstances, the Court finds that the state court's outcome can reasonably be justified under federal law. Therefore, the Court will overrule Petitioner's objection on this point.

    C.    Failure to Call for a Mistrial

Petitioner also objects that the R&R was incorrect in finding that his final ineffective-assistance-of-counsel claim failed on the merits. His final claim addresses trial counsel's failure to call for a mistrial or at least voir dire the jury after jurors allegedly made disruptive statements.

As the Court has previously noted, "[t]rial counsel is not ineffective for failing to raise an unmeritorious claim." Locke, 2013 WL 141619, at *6 (citing Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004); Parrish v. Fulcomer, 150 F.3d 326, 328-29 (3d Cir. 1998)). Here, the Superior Court considered the issue of whether Petitioner's counsel was ineffective for failing to call for a mistrial or voir dire the jury; it found that counsel was not ineffective. Ortiz, No. 2520 EDA 2008, at 6-7. In making its determination, the Superior Court consulted the trial record and quoted the trial court's discussion of the events that took place. The Superior Court noted that Petitioner

11

did not discuss why a mistrial would have been an appropriate remedy, which questions counsel should have asked the jurors in voir dire, or what purpose a voir dire would have served. Id. Petitioner still does not address any of those questions in the Habeas Petition. Habeas Pet. 32. Petitioner has not shown either that his counsel was deficient or that he was prejudiced by any alleged error his counsel made. Therefore, the Court will overrule Petitioner's final objection.

**IV. CERTIFICATE OF APPEALABILITY**

The Court will not issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See Pabon v. Mahanoy, 654 F.3d 385, 392-93 (3d Cir. 2011) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**V.      CONCLUSION**

For the foregoing reasons, the Court will approve and adopt Magistrate Judge Perkin's R&R, overrule Petitioner's objections, decline to issue a Certificate of Appealability, and dismiss the Habeas Petition with prejudice.